UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEROME C. SILLS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHONON CORP. and DOES 1-5, )<br>)<br>Defendants. ) | Civil Action No. 15-cv-30020-KAR |

REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION
TO PROCEED *IN FORMA PAUPERIS* AND MOTION TO APPOINT COUNSEL AND
FURTHER RECOMMENDATION FOR SUMMARY DISMISSAL PURSUANT TO
28 U.S.C. § 1915(e)(2)
(Docket Nos. 2 and 3)

ROBERTSON, U.S.M.J.

On February 6, 2015, Jerome Sills ("Plaintiff") filed this civil action against Phonon Corporation ("Defendant") and Does 1-5. Plaintiff is self-represented. Presently before the court is Plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) and motion to appoint counsel (Docket No. 3). For the reasons that follow, the court will recommend allowing Plaintiff's motion to proceed *in forma pauperis*, but because the complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2), the court further recommends that the complaint be dismissed for failure to state a claim without prejudice to refiling. *See* 20 U.S.C. § 636(b)1)(B); Fed. R. Civ. P. 72(b)(1). In light of the recommended dismissal, the court additionally recommends that Plaintiff's motion to appoint counsel be denied.

I. Background

Plaintiff has filed a complaint in which he claims that Defendant caused him personal injury by means of prolonged exposure to chemical agents and discriminated against him in violation of the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of

1964, the Age Discrimination in Employment Act of 1967, and the Equal Pay Act of 1963, as well as committed violations of the state of Connecticut's wage payment laws and the Occupational Safety and Health Act of 1970, and is "responsible for a trace ability scheme directed at the Department of [D]efense concerning the regulations of non-conforming military Grade parts." (Complaint ("Compl.") at 2.) Plaintiff references having filed a claim for and been denied workers compensations benefits due to exposure to toxic gases or fumes (Compl. at 3). He also alludes to race-based discriminatory hiring by a supervisor who is not named in the caption of the complaint (Compl. at 4). The complaint fails to make any reference to the "Does 1-5" included in the caption of the complaint and, instead, only refers to Phonon Corporation as the Defendant. Plaintiff alleges that his living conditions "are not very good at this present time," that he has lost his primary home due to a history of systemic discrimination, and that he "can assure the court he was exposed to toxic chemical cleaning agents and chemical stripping agents" (Compl. at 4). He has also allegedly applied for social security disability benefits but the outcome of his application is unclear (Compl. at 4). Plaintiff seeks recovery of all lost wages and benefits with interest, all medical costs, and the fair market value of his home and other property, along with compensation for pain and suffering, attorney's fees (although he has not retained an attorney), and costs (Compl. at 7). Included in the list of relief sought is also the bare assertion of "intentional and negligent infliction of emotional distress" (Compl. at 7). On the civil cover sheet, Plaintiff states that he seeks $18,579,000 in damages (Document No. 1-4)

II. Discussion

Upon review of Plaintiff's application, the court concludes that he is without income or assets to pay the filing fee. Accordingly, the court recommends granting the motion to proceed *in forma pauperis*. That does not end the court's inquiry, however. Because Plaintiff is

proceeding *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts, at any time, to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if, *inter alia*, the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

This case cannot proceed because Plaintiff's complaint fails to comply with the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006). It must afford the defendant a "meaningful opportunity to mount a defense." *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 123 (1st Cir. 2004).

Here, the complaint fails to set forth the necessary "who did what to whom, when, where, and why" information to state plausible claims upon which relief may be granted. *Calvi*, 470 F.3d at 430. For example, it is not evident from the complaint when Plaintiff worked at Phonon Corporation, what position he held there, and when and how he was discriminated against. Nor does the complaint allege when Plaintiff was exposed to toxic chemicals, what type or brand of chemicals were used, where the exposure occurred and for how long. Plaintiff merely invokes certain federal statutes and broadly claims that he was wrongfully exposed to toxic chemicals and unlawfully discriminated against. Notwithstanding that Plaintiff is self-represented,[1] he still bears the minimal burden to set forth claims in a manner that would permit the defendant a

---

[1] For purposes of this preliminary screening, the court liberally construes Plaintiff's complaint because he is self-represented. *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)).

meaningful opportunity to respond. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must plead more than a mere allegation that the defendant has harmed him); *Calvi*, 470 F.3d at 430 (although the requirements of Rule 8(a)(2) are "minimal," those "requirements are not tantamount to nonexistent requirements"). The complaint fails to set forth sufficient facts in support of any legal claim or coherently describe the alleged unlawful treatment Plaintiff suffered.[2] *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (a complaint must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"). Without more information, the complaint does not fulfill the minimal requirement of giving Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it rests." *Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 66 (1st Cir. 2004); *see Schied v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434, 437 (6th Cir. 1998) (complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory") (emphasis in original), *abrogated on other grounds*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Resources*, 532 U.S. 598 (2001).

Accordingly, because the complaint fails to state a plausible claim for relief, the action is subject to dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) (failure to state a claim). *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] For instance, paragraph 10 of the complaint alleges that Plaintiff: "is a person with a disability that worked for [Defendant] for about three years[.] [T]he plaintiff was promised a higher paying position if he completed the education course requirements after completing the course requirements the plaintiff was basically lock into a job with not type of advancement[.] [T]here was academic discrimination on Tom [M]artins part[.] [T]he supervisor explained [M]artin only hired grads from uconn don't bother applying to any newly posted jobs because the man[a]ger has already listed his picks for those job[.] [T]om [M]artin only hires engineers from uconn and no African Americans []ever qualify for those higher paying jobs." (Compl. at 4.)

4

alleged."); *accord Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95 (1st Cir.2007). Further, because the court recommends that the complaint be dismissed, Plaintiff's motion for counsel is moot and should be denied without prejudice.

III.    Conclusion

For the foregoing reasons, it is this court's RECOMMENDATION that Plaintiff's Motion to Proceed *In Forma Pauperis* be granted, but that the complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2). The court also recommends that in light of the recommended dismissal of the complaint, Plaintiff's Motion to Appoint Counsel be denied without prejudice.[3]

                                                /s/ Katherine A. Robertson
                                                KATHERINE A. ROBERTSON
                                                United States Magistrate Judge

DATED: April 8, 2015

---

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.